UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| SPENCER M. POIRIER | CIVIL ACTION NO. 6:18-cv-00525 |
| VERSUS | UNASSIGNED DISTRICT JUDGE |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, ET AL. | MAGISTRATE JUDGE HANNA |

## REPORT AND RECOMMENDATION

Pending before the court is the consent motion to remand (Rec. Doc. 12), which was filed by the plaintiff, Spencer M. Poirier, and defendants Fusionstorm, Matthew Kiefer, and National Fire Insurance Company of Hartford. Defendant State Farm Mutual Automobile Insurance Company separately consented to having the action remanded. (Rec. Doc. 14). Therefore, the motion is unopposed. The motion was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this Court. For the following reasons, it is recommended that the motion be granted.

### BACKGROUND

This lawsuit originated in the 16th Judicial District Court, St. Martin Parish, Louisiana. In his original petition for damages, the plaintiff alleged that he was involved in a motor vehicle accident on June 5, 2017, at the intersection of Willow Street and the Evangeline Thruway in Lafayette, Louisiana. The plaintiff alleged

that the collision was the fault of the driver of the other vehicle involved in the incident, Matthew Kiefer, who was allegedly driving a vehicle rented from Avis Budget Car Rental, LLC and insured by State Farm Mutual Automobile Insurance Company. The plaintiff alleged that Mr. Kiefer was also insured under another policy issued by State Farm. The plaintiff further alleged that Mr. Kiefer was, at the time of the accident, in the course and scope of his employment with Fusionstorm (erroneously identified in the original petition as Fusion Storm Elite). The plaintiff asserted claims against Mr. Kiefer, against State Farm in its capacity as Avis's insurer, against State Farm in its capacity as Mr. Kiefer's insurer, and against Fusionstorm. In his amended petition, the plaintiff asserted a claim against National Fire Insurance Company of Hartford, based on the allegation that it issued an insurance policy providing coverage for Fusionstorm and Mr. Kiefer. The plaintiff alleged that he sustained bodily injuries in the incident but he did not quantify his alleged damages.

Fusionstorm, Mr. Kiefer, and National Fire removed the action to this court, alleging that the parties are diverse in citizenship and that the amount in controversy exceeds $75,000 as required by 28 U.S.C. § 1332.

This Court reviewed the parties' pleadings in an effort to determine whether the court has subject-matter jurisdiction over this action. Finding that the removing defendants had neither established that the parties are diverse in citizenship nor that

the amount-in-controversy requirement was satisfied, this Court ordered the parties to submit briefs addressing the court's subject-matter jurisdiction. (Rec. Doc. 10). Rather than responding to the briefing order, however, the removing defendants and the plaintiff filed the instant motion to remand.

## ANALYSIS

Federal district courts are courts of limited jurisdiction, possessing only the power authorized by the Constitution and by statute.[1] Accordingly, federal courts have subject-matter jurisdiction only over civil actions presenting a federal question[2] and those in which the amount in controversy exceeds $75,000 exclusive of interest and costs and the parties are citizens of different states.[3] The party invoking subject-matter jurisdiction in federal court has the burden of establishing the court's jurisdiction.[4] Therefore, when an action is removed from state court, the removing party bears the burden of proving that federal jurisdiction exists.[5] In this case, the removing defendants must bear that burden.

---

[1] *Griffin v. Lee*, 621 F.3d 380, 388 (5th Cir. 2010); *Halmekangas v. State Farm Fire and Cas. Co.*, 603 F.3d 290, 292 (5th Cir. 2010).

[2] 28 U.S.C. § 1331.

[3] 28 U.S.C. § 1332.

[4] *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th).

[5] *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995), *cert. denied*, 516 U.S. 865 (1995).

A. **DIVERSITY OF CITIZENSHIP**

The movants did not argue in support of their motion to remand that the parties are not diverse in citizenship; however, this Court finds that it is impossible, on the basis of the record as it currently exists, to determine whether the parties are diverse.

The plaintiff's petition alleged that he is domiciled in Louisiana. The citizenship of a natural person is determined by the state in which he or she is domiciled.[6] Therefore, the plaintiff established that he is a Louisiana citizen.

Defendant Matthew Kiefer is also a natural person. The plaintiff alleged that Mr. Kiefer resides in the State of Washington but did not indicate where Mr. Kiefer is domiciled. As noted, a person's citizenship is determined by his domicile. Therefore, the removing defendants did not establish Mr. Kiefer's citizenship.

Defendants State Farm and National Fire appear to be corporations. A corporation's citizenship is determined by its state of incorporation and the state in which it has its principal place of business.[7] But neither the plaintiff's petitions nor the removal notice provide that information. "Where the plaintiff [or removing party] fails to state the place of incorporation or the principal place of business of a

---

[6] *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011).

[7] 28 U.S.C. § 1332(c)(1).

corporate party, the pleadings are inadequate to establish diversity."[8] In order for this Court to evaluate the parties' citizenship, the removing defendants must identify the states in which State Farm and National Fire were incorporated and the states in which they have their principal places of business.

The plaintiff also sued Fusionstorm, which was described in the amended petition as a "company." In its corporate disclosure statement (Rec. Doc. 7), Fusionstorm stated that it is a corporation with its principal place of business in Massachusetts but it did not identify the state in which it was incorporated. Thus, the information submitted was insufficient to establish its citizenship.

Accordingly, this Court finds that there is insufficient information in the record to determine whether the parties are diverse in citizenship. Thus, the removing defendants failed to carry their burden of establishing the first requirement for the court's subject-matter jurisdiction.[9]

---

[8] *Joiner v. Diamond M Drilling Co.*, 677 F.2d 1035, 1039 (5th Cir. 1982). See, also, e.g., *Baker Pile Driving & Site Work, LLC v. Ragnar Benson Construction, LLC*, No. 18-cv-0129, 2018 WL 1403908, at *1 (W.D. La. Mar. 20, 2018).

[9] This Court also finds that there was a procedural defect in the removal that was not critical to the resolution of this motion. However, counsel for the removing defendants are cautioned to remember that "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 USCA § 1446(b)(2)(A). The record contains no evidence that State Farm consented to the removal.

## B. THE AMOUNT IN CONTROVERSY

When, as in this case, the plaintiff does not seek recovery of a determinate amount in his complaint, the party invoking the Court's jurisdiction has the burden of proving, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.[10] To satisfy that burden, the removing defendant must either (1) demonstrate that it is facially apparent that the value of the claim is likely greater than $75,000 or (2) set forth the specific facts in controversy that support a finding of the jurisdictional amount.[11]

In his petition, the plaintiff alleged that he sustained injuries in an automobile accident in June 2017. His petition indicated that he is seeking to recover for past and future medical expenses, lost earnings, lost earning capacity, loss of enjoyment of life, disability, mental anguish, property damage, loss of use, mental and physical pain and suffering, penalties, and attorneys' fees. But the petition did not explain the true nature and extent of the plaintiff's injuries, the cost of medical treatment already incurred, the cost of any likely future medical treatment, or the amount of time he lost from work following the accident, if any, or any basis for calculating his

---

[10] *St. Paul Reinsurance*, 134 F.3d at 1253.

[11] *St. Paul Reinsurance*, 134 F.3d at 1253.

alleged damages. Therefore, as noted in this Court's briefing order, it is not facially apparent that the amount in controversy exceeds the jurisdictional threshold.

In the removal notice, the removing defendants stated that the plaintiff's first supplemental and amending petition clarified the amount in controversy and should be treated as an "other paper" that permitted removal more than thirty days after the service of the original petition. This Court's review of the supplemental petition, however, showed that it did not clarify or quantify the amount in controversy. For those reasons, this Court found that the removing defendants had not established that the amount in controversy exceeds the jurisdictional threshold. The removing defendants were ordered to submit summary-judgment-style evidence[12] demonstrating that the amount in controversy exceeds the jurisdictional threshold by setting forth relevant facts supported by summary-judgment-type evidence. No response to that order was filed.

In support of the motion to remand, the parties submitted a stipulation by the plaintiff, Spencer Poirier, in which he stated that the amount in controversy does not exceed $75,000, exclusive of interest and costs. (Rec. Doc. 12 at 7). "Post-removal affidavits sometimes can be relevant where the jurisdictional amount question is

---

[12] *Simon v. Wal-Mart Stores*, 193 F.3d at 850; *Luckett v. Delta Airlines, Inc.*, 171 F.3d at 298; *Allen v. R & H Oil & Gas Co.*, 63 F.3d at 1335.

unresolved"[13] but if, "after removal, by stipulation, by affidavit, or by amendment of his pleadings, [the plaintiff] reduces the claim below the requisite amount, this does not deprive the district court of jurisdiction."[14]

In this case, the amount in controversy was not clear from the face of the plaintiff's petitions, nor did the removal notice clarify the amount in controversy. Furthermore, this Court interprets the plaintiff's stipulation not as an attempt to change the amount in controversy but as an attempt to clarify what the amount in controversy was at the time of removal. "While post-removal affidavits may be considered in determining the amount in controversy at the time of removal, such affidavits may be considered only if the basis for jurisdiction is ambiguous at the time of removal."[15] A plaintiff's stipulation regarding the amount in controversy is binding if he expressly renounces his right to recover in excess of $75,000 in the event he is awarded a greater amount.[16] The plaintiff in this case has done that by stating not once but several times that he is bound to his stipulation, that all he is seeking to recover in the lawsuit is monetary damages, and that the amount in

---

[13] *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1406 (5th Cir. 1995).

[14] *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938).

[15] *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d at 883.

[16] See, e.g., *Chiriaco v. Southern Fidelity Insurance Company*, No. 16-13165, 2016 WL 5349649, at *3 (E.D. La. Sept. 26, 2016); *Latiolais v. Union Pacific R. Co.*, No. 6:14-2582, 2014 WL 6455595, at *3 (W.D. La. Nov. 12, 2014).

controversy does not exceed $75,000. This Court cautions counsel for the plaintiff, however, that greater care should be taken in the future to include language in any such stipulation or affidavit to expressly renounce any amount greater than $75,000.

This Court finds that the amount in controversy was ambiguous at the time of removal, finds that the removing defendants failed to establish the amount in controversy by a preponderance of the evidence in their removal notice or in response to this Court's briefing order, finds that the plaintiff's stipulation was offered for the purpose of clarifying the amount in controversy at the time of removal, and finds that the amount in controversy at the time of removal was less than the statutory minimum. Even if the plaintiff's stipulation was found to be insufficient for the purpose of establishing that the amount in controversy is less than the statutory minimum, however, remand remains warranted because the removing defendants failed to establish that the parties are diverse in citizenship.

## CONCLUSION

Having found that it is not possible to determine whether the parties to this lawsuit are diverse in citizenship on the basis of the record as it currently exists, and having found that the plaintiff's stipulation established that the amount in controversy was less than the statutory minimum for federal court jurisdiction at the time of removal, this Court recommends that the consent motion to remand be

GRANTED and further recommends that this action be REMANDED to the 16th Judicial District Court, St. Mary Parish, Louisiana.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana, on June 18, 2018.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE